IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MEDIBILL OF MARYLAND, INC.,
et al.,

    Plaintiffs,

v.                                      CIVIL NO.: WDQ-04-CV-4015

ANESTHESIA BUSINESS
CONSULTANTS, LLC, et al.,

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION AND ORDER

Medibill of Maryland, Inc. and Joetta Smith sued Anesthesia Business Consultants, LLC and Joseph Locke under various tort theories for the loss of a business relationship. On February 16, 2006, the Court granted in part and denied in part Defendants' motion to dismiss, or in the alternative, for summary judgment. *See* 2/16/06 Order.

The Complaint alleges, among other claims, unfair and/or deceptive trade practices under the Maryland Consumer Protection Act[1] ("MCPA") and fraud. *See* Complaint, Counts VI and VII. The Court granted summary judgment in favor of the Defendants as to the Plaintiffs' MCPA and fraud claims. The Court concluded that the MCPA claim failed because the Plaintiffs did not meet the statutory definition of "consumers". *See* Mem. Op. at 30-31. The Court

---

[1] *See* MD. CODE ANN., COM. LAW §13-101 *et seq.* (2006).

1

rejected the Plaintiffs' claim that they had also pled a common law unfair competition claim--not limited to consumers.  *See id.* The Court dismissed the Plaintiffs' fraud claim, finding that the Plaintiffs adduced no evidence of justifiable reliance on the Defendants' alleged misrepresentations. *See id.* at 34-35.

The Complaint further alleges that the Defendants made several defamatory statements.  *See* Complaint, Count I.  The Court did not consider the Defendants' argument--raised for the first time in their reply brief--that these statements were protected by an absolute privilege.  *See* Mem. Op. at 18, n.9.  Although denying summary judgment, the Court found that these statements were not defamatory *per se.*  *See id.* at 17.  At trial, the Plaintiffs' damages will, therefore, not be presumed.  *See id.*

Pending are the Plaintiffs' and Defendants' motions for reconsideration.  For the following reasons, both motions will be denied.

ANALYSIS

Under Federal Rule of Civil Procedure 59(e), a court may grant a motion for reconsideration to: 1) accommodate an intervening change in controlling law; 2) account for new evidence previously unavailable; or 3) correct a clear error of law or prevent manifest injustice.  *Bogart v. Chapell,* 396 F.3d 548 (4th Cir. 2005).

A court may amend a final judgment under Rule 60(b)

because of, *inter alia*: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or other misconduct of an adverse party; or 4) any other reason justifying relief from the operation of the judgment.  Federal Rule of Civil Procedure, 60(b).

Plaintiffs have moved for reconsideration of the Court's order arguing that they: 1) adequately pled a common law unfair competition claim; 2) adduced sufficient evidence of  justifiable reliance upon Defendants' misrepresentations; and 3)presented evidence of defamatory *per se* statements.

Defendants have also moved for reconsideration of the Court's order arguing that the allegedly defamatory statements are protected by an absolute privilege.

These arguments notwithstanding, both parties have failed to offer new evidence, show a change in intervening law or demonstrate clear error on the part of the Court.  Accordingly, the motions for reconsideration of the February 16, 2006 order will be denied.[2]

---

[2] The Plaintiffs have also filed a motion for leave to amend the Complaint to add a common law unfair competition claim. *See* 3/8/06 Mot.  The Court, however, has denied the Plaintiffs' previous attempt to add this claim.  *See* 7/31/05 Order. Notwithstanding, the Plaintiffs somehow misconstrued the Court's refusal to entertain Plaintiffs' second request--stated in their opposition motion--for leave to amend the Complaint, *see Mem. Op. at 31*, as an invitation to file a separate motion to amend. Accordingly, the motion for leave to amend the complaint will be denied.

CONCLUSION

For the reasons discussed above, the Plaintiffs' and Defendants' motions for reconsideration will be denied, and the Plaintiffs' motion for leave to amend will be denied.


April 21, 2006                          _____/s/_____
Date                                    William D. Quarles, Jr.
                                        United States District Judge